# *Exhibit A*

| Image ID:<br>D00493719D02 | **SUMMONS** | Doc. No.   493719 |
|---|---|---|

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln              NE 68508


Jennifer Kotas v. Tabitha INC

Case ID: CI 16    2072


TO:  Tabitha INC


You have been sued by the following plaintiff(s):

    Jennifer Kotas


Plaintiff's Attorney:    Kathleen M Neary
Address:                 411 S 13th St Ste 300
                         P.O. 84936
                         Lincoln, NE 68501-4936
Telephone:               (402) 474-8000

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  SEPTEMBER 13, 2016    BY THE COURT:    _Troy L Clark_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Tabitha INC
        c/o John C Miles
        233 S 13th Street, Suite 1900
        Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.


EXHIBIT A

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

JENNIFER KOTAS, ) Case No. CI16 2072
)
Plaintiff, ) FIRST AMENDED COMPLAINT,
vs. ) DEMAND FOR JURY
) AND PRAECIPE
TABITHA, INC., )
)
Defendant. )

COMES NOW the Plaintiff, by and through her attorneys, and for her first amended complaint and causes of action against the Defendant states as follows:

1.      This is an action seeking redress for the violation of the rights guaranteed the Plaintiff by the Nebraska Fair Employment Practices Act, the Americans with Disabilities Amendments Act, the common law of the State of Nebraska and Neb.Rev.Stat.§ 20-148.

2.      This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction over the federal law claims.

3.      At all times alleged herein, Plaintiff Jennifer Kotas was a resident of Saline County, Nebraska.

4.      Upon information and belief, the Defendant, Tabitha, Inc. is a domestic corporation licensed to do business and was doing business in the State of Nebraska at all times alleged herein. Upon information and belief, the Defendant's corporate offices are in Lincoln, Nebraska. Some of the unlawful actions noted herein originated in Lincoln, Lancaster County, Nebraska.

5.      Defendant is an employer as that term is defined pursuant to the applicable state and federal statutes set forth herein.

6.     Plaintiff exhausted the administrative prerequisites to filing the instant action. With respect to the June, 2015 charges filed with the NEOC and EEOC said agencies issued their right to sue letters on March 17, 2016 and April 7, 2016, respectively. On June 22, 2016, the EEOC issued a right to sue for the charges filed in January, 2016. The NEOC amended charges of discrimination and retaliation filed in January and June, 2016 are currently pending before the NEOC. The instant action is timely.

7.     Plaintiff had been employed with Defendant at their Crete, Nebraska location since December, 2012 as a CNA. Plaintiff's work performance was satisfactory.

8.     On or about August 15, 2014, Plaintiff suffered a work related injury while transferring a patient. Plaintiff has exercised her statutory rights with regard to her work related injury.

9.     At all times relevant, Plaintiff was disabled as that term is defined by the Nebraska Fair Employment Practices Act and the Americans with Disabilities Amendments Act.

10.     In approximately October, 2014, Plaintiff had surgery on the shoulder she injured while at work. Plaintiff returned to work in January, 2015 with medical restrictions, to-wit: no use of right arm.

11.     When Plaintiff returned to work in January, 2015, Plaintiff requested reasonable accommodation, to-wit: no use of right arm. Defendant failed to provide all reasonable accommodations requested and failed to engage in the statutorily mandated deliberative process regarding reasonable accommodation.

12.     In September, 2015, Plaintiff was assigned duties in the laundry that did not follow her medical restrictions. Defendant failed to provide reasonable accommodation to the Plaintiff and failed to engage in the statutorily mandated deliberative process with the Plaintiff.

13.     Plaintiff engaged in numerous protected activities, including, but not limited to filing several charges of discrimination and retaliation with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission and she reported the unlawful conduct to supervisors, management level and human resource employees of the Defendant. Defendant failed to take appropriate remedial action. Defendant's management level employees and/or human resource employees engaged in discriminatory and retaliatory conduct towards the Plaintiff.

14.     After Plaintiff suffered a work related injury and engaged in protected activities, numerous employees of Defendant subjected Plaintiff to a discriminatory and retaliatory hostile work environment. The unlawful actions were continual and adversely affected the terms, conditions and privileges of Plaintiff's employment. For example, Defendant's employees called Plaintiff discriminatory and derogatory names, threw water at her, grabbed and pulled her arm that had been operated on, denied her leave, engaged in aggressive and violent conduct towards her, forced plaintiff to go on unpaid FMLA leave, cancelled plaintiff's medical and group life insurance, forced her to perform work outside her medical restrictions, failed to provide reasonable accommodation, failed to engage in the statutorily mandated deliberative process regarding reasonable accommodation, assigned her work that did not comply with medical restrictions, failed to properly investigate Plaintiff's reports of discrimination and retaliation and engaged in other discriminatory conduct

and retaliatory conduct.  Such conduct created a discriminatory and retaliatory hostile working environment for the Plaintiff.

15.    Again on November 3, 2015, Plaintiff reported to HR Director Laura Pavalis and Administrator Sheri Due that she was unable to perform the duties assigned as it violated her medical restrictions.  Plaintiff further reported the ongoing discriminatory and retaliatory conduct.

16.    Plaintiff reported that Ms. Pavalis and others had engaged in unlawful behavior towards her.  Rather than conducting an appropriate investigation into the unlawful conduct, Ms. Pavalis allegedly did an investigation in which she was accused of illegal behavior.  Defendant failed to take appropriate remedial action and conduct a sham of an investigation led by a person accused of illegal conduct.

17.    On November 5, 2015, Plaintiff was forced to take unpaid FMLA.

18.    Plaintiff's medical and group life insurance was subsequently cancelled.

19.    Plaintiff's employment was terminated on April 20, 2106.

20.    A motivating factor in the defendant's unlawful treatment of the Plaintiff was her disability and/or her participation in one or more protected activities.

21.    All of the aforementioned illegal actions were done while the Defendant's employees, supervisors, management level employees and/or human resource employees were acting in the scope and course of their employment with Defendant.

22.    As a result of the discrimination and/or retaliation, plaintiff has sustained compensatory damages, lost wages, future loss of income, value of job related benefits and other damages not specifically set forth herein.

23.     At all times relevant, Defendant was aware of its duty and obligations under the aforementioned statutes.

24.     Defendant's conduct was willful and/or done with a reckless disregard of the Plaintiff's rights.   Punitive damages are appropriate.

### COUNT I

Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

25.     A motivating factor in the decision to subject Plaintiff to discriminatory and adverse terms, conditions and privileges of employment was her disability.  Said action is violative of the Nebraska Fair Employment Practices Act and the Americans with Disabilities Amendments Act.

26.     As a result of the Defendant's illegal actions, Plaintiff has sustained compensatory damages, lost wages and the value of benefits and will continue to incur lost wages into the future.

27.     Due to the willful and/or reckless nature of the Defendant's illegal actions, punitive damages are appropriate under federal law.

### COUNT II

Plaintiff incorporates paragraphs 1 through 27 as if fully set forth herein.

28.     After engaging in one or more protected activities, Defendant retaliated against the Plaintiff in the terms, conditions and privileges of employment. Said retaliatory action violates the NFEPA and the ADAAA.

29.     As a result of the Defendant's illegal actions, the Plaintiff has sustained compensatory damages, lost wages and the value of benefits and will continue to incur lost wages into the future.

30.   The Defendant's actions were willful and/or were done with a reckless disregard of the Plaintiff's rights.  Punitive damages are appropriate under federal law.

## COUNT III

Plaintiff incorporates paragraphs 1 through 30 as if fully set forth herein.

31.   Plaintiff was retaliated against after she suffered a work related injury and/or exercised her statutory rights relating to her work related injury.  Said retaliatory actions are violative of the common law of the State of Nebraska and Neb.Rev.Stat. §20-148.

32.   As a result of the Defendant's illegal actions, Plaintiff has sustained compensatory damages, lost wages and the value of benefits and will continue to incur lost wages into the future.

33.   Due to the willful and/or reckless nature of the Defendant's illegal actions, liquidated and/or punitive damages are appropriate under state law and payable to the Nebraska public school fund.

## COUNT IV

Plaintiff incorporates paragraphs 1 through 33 as if fully set forth herein.

34.   Defendant subjected Plaintiff to an egregious hostile work environment based upon her disability.  Said action is violative of the NFEPA and the ADAAA.

35.   Plaintiff has sustained compensatory damages as a result of the hostile work environment and incurred other damages.

36.   Defendant's actions were willful and/or were done with a reckless disregard of the Plaintiff's rights.  Punitive damages are appropriate under federal law.

COUNT V

Plaintiff incorporates paragraphs 1 through 36 as if fully set forth herein.

37.     Defendant subjected Plaintiff to an egregious retaliatory hostile work environment after she engaged in one or more protected activities. Said action is violative of the NFEPA, the ADAAA, the common law of the State of Nebraska and Neb. Rev. Stat. §20-148.

38.     Plaintiff has sustained compensatory damages as a result of the hostile work environment and incurred other damages.

39.     Defendant's actions were willful and/or were done with a reckless disregard of the Plaintiff's rights.  Punitive damages are appropriate under federal law.

COUNT VI

Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

40.     Defendant failed to provide plaintiff with reasonable accommodation and failed to engage in the deliberate process regarding reasonable accommodation requested. Said action is violative of the NFEPA and the ADAAA.

41.     Plaintiff has sustained compensatory damages, lost wages and job related benefits as a result of the Defendant's law violations noted herein.   Plaintiff will continue to incur such benefits into the future.

42.     Defendant's actions were willful and/or were done with a reckless disregard of the Plaintiff's rights.  Punitive damages are appropriate under federal law.

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a.      Declare the conduct of the Defendant to be violative of the rights of the Plaintiff under the appropriate state or federal law or laws;

b.      Direct the Defendant to reinstate the Plaintiff to her previously held position with all back wages and the value of benefits, including interest thereon, or to find that reinstatement is not appropriate and award Plaintiff front pay and the value of future lost benefits as allowed by law.

c.      Award Plaintiff compensatory damages for pain, suffering, inconvenience and humiliation as allowed by law;

d.      Award punitive damages for the claims arising under the ADAAA;

e.      Award the Nebraska common school fund liquidated, double and/or treble damages against the Defendant in an amount to be determined by the jury or the Court for the claims arising under Nebraska law;

f.      Award the plaintiff attorney's fees and costs;

g.      Award the Plaintiff such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

FOR:   JENNIFER KOTAS, PLAINTIFF

BY:    s/Kathleen M. Neary
       Kathleen M. Neary     20212
       Powers Law
       411 South 13th Street, Suite 300
       Lincoln, NE  68508
       (402) 474-8000


DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in Lincoln, Nebraska.

_s/Kathleen M. Neary_
Kathleen M. Neary   20212


## PRAECIPE

TO THE CLERK OF THE DISTRICT COURT:

Please issue summons for service upon the Registered Agent for Defendant

via certified mail, return receipt requested.

Registered Agent for Defendant:

John C. Miles,
Suite 1900
233 South 13th Street
Lincoln, NE  68508

s/Kathleen M. Neary
Kathleen M. Neary   20212